UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHYLLIS L. YORK, and JAMES B. CARR,<br><br>   Plaintiffs,<br><br>   v.<br><br>AMERICAN SAVINGS NETWORK, INC. also known as AMERICAN SAVINGS NETWORK, LLC; ANTHONY DIEHL; and ROGER S. MORAN;<br><br>   Defendants. | No.  2:15-cv-00563-GEB-DAD<br><br>**ORDER TO SHOW CAUSE AND CONTINUING STATUS (PRETRIAL SCHEDULING) CONFERENCE; FED. R. CIV. P. 4(M) NOTICE** |

The March 12, 2015 Order Setting Status (Pretrial Scheduling) Conference scheduled a status conference in this case on June 22, 2015, and required the parties to file a joint status report no later than fourteen (14) days prior to the scheduling conference. The March 12, 2015 Order further required a status report be filed regardless of whether a joint report could be procured. No status report was filed as ordered.

Therefore, Plaintiffs are Ordered to Show Cause ("OSC") in a writing to be filed no later than June 19, 2015, why sanctions should not be imposed against them and/or their counsel under Rule 16(f) of the Federal Rules of Civil Procedure for failure to file a timely status report. The written response shall also state whether Plaintiffs or their counsel are at

1

fault, and whether a hearing is requested on the OSC.[1] If a hearing is requested, it will be held on August 31, 2015, at 9:00 a.m., just prior to the status conference, which is rescheduled to that date and time. A status report shall be filed no later than fourteen (14) days prior to the status conference.

Further, Plaintiffs are notified under Rule 4(m) of the Federal Rules of Civil Procedure that failure to serve each defendant with process within the 120 day period prescribed in that Rule may result in the unserved defendant(s) and/or this action being dismissed. To avoid dismissal, on or before July 13, 2015, Plaintiffs shall file proof of service for each defendant or a sufficient explanation why service was not completed within Rule 4(m)'s prescribed service period.

IT IS SO ORDERED.

Dated:  June 11, 2015

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge

---

[1] "If the fault lies with the attorney, that is where the impact of sanction should be lodged. If the fault lies with the clients, that is where the impact of the sanction should be lodged." In re Sanction of Baker, 744 F.2d 1438, 1442 (10th Cir. 1984), cert. denied, 471 U.S. 1014 (1985). Sometimes the faults of attorneys, and their consequences, are visited upon clients. Myers v. Shekter (In re Hill), 775 F.2d 1385, 1387 (9th Cir. 1985).