UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHYLLIS L. YORK, and JAMES B. CARR,<br><br>          Plaintiffs,<br><br>    v.<br><br>AMERICAN SAVINGS NETWORK, INC. also known as AMERICAN SAVINGS NETWORK, LLC; ANTHONY DIEHL; and ROGER S. MORAN,<br><br>          Defendants. | No. 2:15-cv-0563 GEB DAD<br><br><br>ORDER |

      This matter came before the court on July 24, 2015, for hearing of plaintiffs' motion for default judgment against defendant American Savings Network, Inc. (Dkt. No. 12.) No appearance was made by or on behalf of either plaintiff or any defendant. Moreover, a review of plaintiffs' motion for default judgment finds several impediments to the granting of plaintiffs' motion.[1]

---

[1] In their motion plaintiffs stated that they intended to appear at the hearing to present "psychical evidence, such as, but not limited to Account Statements, Correspondence, Notice of Lawsuit and Request for Waiver, American Savings Network contract dated March 24, 2012, with attachments showing Hawaii free airline tickets, Visa Charges, cancelled personal checks . . . other documents . . . various demand letters . . . and business cards." (MDJ (Dkt. No. 12) at 4-5.) Such evidence should have been included as exhibits to plaintiffs' motion for default judgment.

1

1    First, granting or denying default judgment is within the court's sound discretion. Draper
2    v. Coombs, 792 F.2d 915, 924-25 (9th Cir. 1986); Aldabe v. Aldabe, 616 F.2d. 1089, 1092 (9th
3    Cir. 1980).  The court is free to consider a variety of factors in exercising its discretion. Eitel v.
4    McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986).  Among the factors that may be considered by
5    the court are

> (1) the possibility of prejudice to the plaintiff, (2) the merits of
> plaintiff's substantive claim, (3) the sufficiency of the complaint,
> (4) the sum of money at stake in the action; (5) the possibility of a
> dispute concerning material facts; (6) whether the default was due
> to excusable neglect, and (7) the strong policy underlying the
> Federal Rules of Civil Procedure favoring decisions on the merits.

10   Eitel, 782 F.2d at 1471-72 (citing 6 Moore's Federal Practice ¶ 55-05[2], at 55-24 to 55-26).
11   Plaintiffs' motion for default judgment, however, fails to address any of the Eitel factors.
12    With respect to the sufficiency of the complaint, plaintiffs' complaint alleges a claim for
13   fraud against defendant American Savings Network, Inc.  Under Federal Rule of Civil Procedure
14   9(b), fraud-based claims must be pled with "particularity."  Thus, "[a]verments of fraud must be
15   accompanied by the who, what, when, where and how of misconduct charged" to give defendants
16   notice of the particular conduct they must defend.  Vess v. CibaGeigy Corp. USA, 317 F.3d 1097,
17   1106 (9th Cir. 2003) (internal quotations omitted).  "In a fraud action against a corporation, a
18   plaintiff must 'allege the names of the persons who made the allegedly fraudulent representations,
19   their authority to speak, to whom they spoke, what they said or wrote, and when it was said or
20   written.'"  Khan v. CitiMortgage, Inc., 975 F.Supp.2d 1127, 1140 (E.D. Cal. 2013) (quoting
21   Tarmann v. State Farm Mut. Auto. Ins. Co., 2 Cal. App.4th 153, 157 (1991)).
22    Plaintiffs' complaint also alleges a claim for "violation of the fair trade laws of the United
23   States, pursuant to 15 USC Sections 41-58." (Compl. (Dkt. No. 1) at 5.)  Title 15 U.S.C. § 41,
24   however, provides for the establishment of the Federal Trade Commission and is part of the
25   Federal Trade Commission ACT ("FTCA").  It appears that "no private right of action exists
26   under the FTCA." Days Inn of America Franchising, Inc. v. Windham, 699 F. Supp. 1581, 1582
27   (N.D. Ga. 1988).  See also Sefa v. Kentucky, 510 Fed. Appx. 435, 438 (6th Cir. 2013) ("Lastly,
28   he cannot assert a claim under 15 U.S.C. § 57b, which applies to civil actions by the Federal

Trade Commission for violations of rules and cease and desist orders respecting unfair or deceptive acts or practices.")[2]; American Airlines v. Christensen, 967 F.2d 410, 414 (10th Cir. 1992) ("there is no private right of action under [FTCA]"); Kerr v. American Home Mortg. Servicing, Inc., No. 10-cv-1612 BEN (AJB), 2010 WL 3743879, at *3 (S.D. Cal. Sept. 23, 2010) ("It is well-established that there is no private right of action for violation of the FTCA; only the Federal Trade Commission has standing to enforce it."); Fraker v. Bayer Corp., No. CV F 08-1564 AWI GSA, 2009 WL 5865687, at *7 (E.D. Cal. Oct. 6, 2009) ("the Act vests remedial power solely in the Federal Trade Commission and a regulation under the FTCA does not create a private right of action").

Second, although plaintiffs' complaint alleges that defendant American Savings Network is a business headquarters in the state of Nevada, neither plaintiffs' complaint nor the motion for default judgment attempt to address the basis for the court's personal jurisdiction over defendant American Savings Network.  In determining whether the exercise of personal jurisdiction over a nonresident defendant is proper, a district court must apply the law of the state in which it sits when there is no applicable federal statute governing personal jurisdiction. Panavision Int'l, L.P. v. Toeppen, 141 F.3d 1316, 1320 (9th Cir. 1998).  District courts in California may exercise personal jurisdiction over a nonresident defendant to the extent permitted by the Due Process Clause of the Constitution. CAL. CODE CIV. P. § 410.10.  The Due Process Clause requires that the defendant have "certain minimum contacts" with the forum "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." Int'l Shoe Co. v. State of Washington, 326 U.S. 310, 316 (1945) (citations and internal quotation marks omitted). The party seeking to invoke jurisdiction has the burden of establishing that jurisdiction exists. Flynt Distrib. Co. v. Harvey, 734 F.2d 1389, 1392 (9th Cir. 1984).

Personal jurisdiction may be founded on either general jurisdiction or specific jurisdiction. Facebook, Inc. v. Pedersen, 868 F.Supp.2d 953, 957 (N.D. Cal. 2012).  A court may exercise specific personal jurisdiction over a nonresident defendant if: (1) the nonresident defendant

---

[2] Citation to this unpublished Sixth Circuit opinion is appropriate pursuant to Sixth Circuit Rule 32.1.

purposefully directs his activities at the forum or performs some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the plaintiff's claim arises out of the forum-related activities of the nonresident defendant; and (3) the exercise of jurisdiction over the nonresident defendant is reasonable.  Brayton Purcell LLP v. Recordon & Recordon, 606 F.3d 1124, 1128 (9th Cir. 2010).

Third, plaintiffs have not moved for default judgment against defendant Roger Moran or defendant Anthony Diehl nor dismissed them from this action.  In this regard, Federal Rule of Civil Procedure 54(b) provides in pertinent part:

> ... when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

See also Curtiss-Wright Corp. v. General Elec. Co., 446 U.S. 1, 8 (1980) (noting that the court has discretion to enter a default judgment as to less than all defendants); Shanghai Automation Instrument Co., Ltd. v. Kuei, 194 F. Supp.2d 995, 1010 (N.D. Cal. 2001) ("differing judgments against defendant Tsai and the defaulting defendants would not necessarily be illogical").

However, the Supreme Court has warned that "absurdity might follow" in instances where a court "can lawfully make a final decree against one defendant . . . while the cause was proceeding undetermined against the others."  Frow v. De La Vega, 82 U.S. 552, 554 (1872). The Ninth Circuit has summarized the Frow standard as follows: "[W]here a complaint alleges that defendants are jointly liable and one of them defaults, judgment should not be entered against the defaulting defendant until the matter has been adjudicated with regard to all defendants."  In re First T.D. & Investment, 253 F.3d 520, 532 (9th Cir. 2001) (citing Frow, 82 U.S. at 554).  See also Employee Painters' Trust v. Cascade Coatings, No. C12-0101 JLR, 2014 WL 526776, at *3 (W.D. Wash. Feb. 10, 2014) ("it would be an abuse of discretion for this court to grant Plaintiffs' motion for default judgment because Plaintiffs allege the same claims against Mr. Schlatter and the non-defaulted jointly and severally liable co-defendants, Mr. McLaughlin and Cascade Partnership.  Supreme Court and Ninth Circuit precedent prohibit default judgment where a default judgment against one defendant could be inconsistent with a judgment on the merits in

4

favor of other defendants"); <u>Helton v. Factor 5, Inc.</u>, Case No: C 10-4927 SBA, 2013 WL 5111861, at *6 (N.D. Cal. Sept. 12, 2013) ("In the present case, there is a serious risk of inconsistent judgments.  Plaintiffs have alleged that Defendants all are jointly and severally liable for the 11 claims alleged in the First Amended Class Action Complaint.").  Here, it appears each cause of action found in plaintiffs' complaint is asserted against each defendant.  Moreover, the complaint "pray[s] for judgment against Defendants, and each of them." (Compl. (Dkt. No. 1) at 6.)

Finally, although service of the motion for default judgment on the defaulting defendants is generally is not required under Federal Rule of Civil Procedure 55(b)(2) and Local Rule 135(d), service of the motion for default judgment on the defaulting defendants, out of an abundance of caution, is prudent.  Plaintiffs, therefore, should serve any future motion for default judgment on the defaulting defendants.

## CONCLUSION

Accordingly, for the reasons stated above, IT IS HEREBY ORDERED that plaintiffs' June 18, 2015 motion for default judgment against defendant American Savings Network, Inc., (Dkt. No. 12) is denied without prejudice to renewal.

Dated:  October 20, 2015

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD6
Ddad1\orders.civil\york0563.mdj.dwop.ord.docx