UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHYLLIS L. YORK, and JAMES B. CARR, | No. 2:15-cv-0563 KJM KJN (TEMP) |
| Plaintiffs, | |
| v. | ORDER |
| AMERICAN SAVINGS NETWORK, INC., also known as AMERICAN SAVINGS NETWORK, LLC; ANTHONY DIEHL; and ROGER S. MORAN, | |
| Defendants. | |

      This matter came before the court on December 31, 2015, for hearing of plaintiffs' motion for default judgment against defendants American Savings Network, Inc., Anthony W. Diehl and Roger S. Moran. Plaintiff James Carr, an attorney, appeared on behalf of the plaintiffs. No appearance was made by, or on behalf of, any defendant.

      On October 21, 2015, the previously assigned Magistrate Judge issued an order denying plaintiffs' prior motion for default judgment and informing plaintiffs that there were "several impediments to the granting of plaintiffs' motion." (Dkt. No. 25 at 1.) In this regard, plaintiffs' prior motion for default judgment failed to address the factors set forth in Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986). Additionally, plaintiffs' complaint alleges a claim for fraud,

but fails to comply with Federal Rule of Civil Procedure 9(b). The complaint also alleges a claim for "violation of the fair trade laws of the United States, pursuant to 15 USC Sections 41-58," (Compl. (Dkt. No. 1) at 5), despite the fact that Title 15 U.S.C. § 41 provides for the establishment of the Federal Trade Commission, is part of the Federal Trade Commission ACT ("FTCA"), and "no private right of action exists under the FTCA." Days Inn of America Franchising, Inc. v. Windham, 699 F. Supp. 1581, 1582 (N.D. Ga. 1988). See also American Airlines v. Christensen, 967 F.2d 410, 414 (10th Cir. 1992) ("there is no private right of action under [FTCA]").

Moreover, the October 21, 2015 ordered also advised plaintiffs that neither their complaint nor their prior motion for default judgment attempted to address the basis for the court's personal jurisdiction over the nonresident defendants.[1] That order also advised plaintiffs that, although service of the motion for default judgment on the defaulting defendants is generally not required under Federal Rule of Civil Procedure 55(b)(2) and Local Rule 135(d), service of the motion on the defaulting defendants was prudent and that plaintiffs should include as part of their motion for default judgment plaintiffs' evidence in support.

Despite the guidance offered by the court's October 21, 2015 order, plaintiffs failed to correct or address any of those issues in their December 31, 2015 motion for default judgment now pending before the court. Moreover, although the plaintiffs' pending motion now seeks default judgment against all the defaulting defendants in this action, something that was not true of plaintiffs' prior motion, this raises an additional issue, which is that the complaint lacks any factual allegations whatsoever involving defendants Diehl and Moran.

/////

/////

---

[1] "[A] judgment entered by a court without personal jurisdiction over the parties is void . . . ." Pacific Atlantic Trading Co., Inc. v. M/V Main Exp., 758 F.2d 1325, 1331 (9th Cir. 1985). The Due Process Clause requires that the defendant have "certain minimum contacts" with the forum "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." Int'l Shoe Co. v. State of Washington, 326 U.S. 310, 316 (1945) (citations and internal quotation marks omitted). The party seeking to invoke jurisdiction has the burden of establishing that jurisdiction exists. Flynt Distrib. Co. v. Harvey, 734 F.2d 1389, 1392 (9th Cir. 1984).

Accordingly, upon consideration of the arguments on file and those made at the hearing, and for the reasons set forth on the record at that hearing, IT IS HEREBY ORDERED that plaintiffs' December 31, 2015 motion for default judgment (Dkt. No. 30) is denied without prejudice to renewal.[2]

Dated: February 1, 2016

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

york0563.mdj2.dwop.ord.docx

---

[2] In the event plaintiffs elect to again file a motion for default judgment, the court anticipates that plaintiffs, particularly attorney Carr, will pay close attention to the issues raised by this order and the court's October 21, 2015 order, and will correct all of the identified issues before again seeking a default judgment from this court.

3