UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHYLLIS L. YORK, and JAMES B. CARR,<br><br>           Plaintiffs,<br><br>      v.<br><br>AMERICAN SAVINGS BANK NETWORK, INC., also known as AMERICAN SAVINGS NETWORK LLC, et al.,<br><br>           Defendants. | No.  2:15-cv-0563-KJM-KJN<br><br><u>ORDER</u> |

        This matter is before the court on Phyllis York's and James Carr's motion to amend their complaint. The motion was unopposed; no defendant has yet appeared. The motion is hereby SUBMITTED without argument and DENIED without prejudice to renewal within fourteen days, as explained below.

        York and Carr filed their complaint in this action in March 2015. ECF No. 1. They alleged the defendants made false and misleading statements in connection with a sales presentation for time-shares and travel services. *Id.* ¶¶ 3–7. The defendants did not appear, and the clerk entered default on the plaintiffs' request. ECF No. 11. The plaintiffs moved for default judgment in June 2015, and that motion was denied without prejudice. ECF No. 25. The

1

1  magistrate judge described several shortcomings in the motion and complaint: (1) the motion did
2  not address any of the factors identified by the Ninth Circuit in *Eitel v. McCool*, 782 F.2d 1470,
3  1171–72 (1986); (2) the complaint did not meet the particularity standard of Federal Rule of Civil
4  Procedure 9(b); (3) the complaint asserted claims under 15 U.S.C. §§ 41–58, but those sections
5  provide for no private right of action; (4) the complaint and motion for default judgment did not
6  include sufficient information to assure the magistrate judge that this court could exercise
7  personal jurisdiction over the defendants; (5) as for two individual defendants, Robert Moran and
8  Anthony Diehl, the plaintiffs' motion neither requested default judgment nor dismissed them
9  from the action; and (6) the motion was not served on the defendants.

10  The plaintiffs again moved for default judgment in December 2015.  ECF No. 30.
11  On February 1, 2016, the magistrate judge again denied the motion, finding the plaintiffs had not
12  corrected the shortfalls addressed in the previous order.  ECF No. 35.

13  Now heeding the magistrate judge's admonition to "pay close attention" and
14  "correct all of the identified issues" before again moving for default judgment, *see id.* at 3 n.2, on
15  February 11, the plaintiffs requested this court's leave to amend their complaint within twenty
16  days, ECF No. 37.  But they did not file a proposed amended complaint, as required by this
17  District's Local Rules.  *See* E.D. Cal. L.R. 137(c) ("If filing a document requires leave of court,
18  such as an amended complaint after the time to amend as a matter of course has expired, counsel
19  shall attach the document proposed to be filed as an exhibit to moving papers seeking such leave
20  and lodge a proposed order as required by these Rules.").  This Rule has the force of federal law.
21  *See, e.g.*, *United States v. Hvass*, 355 U.S. 570, 575 (1958); *Marshall v. Gates*, 44 F.3d 722, 724
22  (9th Cir. 1995).

23  A liberal federal policy favors amendments to the pleadings, *see, e.g.*, *Ascon
24  Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989), but leave to amend may be
25  denied if the proposed amendment would prove futile, *see, e.g.*, *Cafasso, U.S. ex rel. v. Gen.
26  Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1058 (9th Cir. 2011).  Because the plaintiffs have not

27
28

presented the court with a proposed amended complaint, the court is unable to weigh the futility of amendment in light of the magistrate judge's previous orders.[1]

        The motion is DENIED.  Plaintiffs may renew their motion, attaching a proposed amended complaint, within fourteen days of the date this order is filed, whereupon the matter will be submitted for decision without a hearing.  This order resolves ECF No. 37.

        IT IS SO ORDERED.

DATED: March 3, 2016.

_____
UNITED STATES DISTRICT JUDGE

---

[1] The court is not encouraged by the fact that in their motion to amend, the plaintiffs appear at times to have confused personal jurisdiction with subject matter jurisdiction.  *See* Mot. at 4, ECF No. 37 ("There is personal jurisdiction over the Defendants, based on diversity of citizenship.").  Mr. Carr, an attorney who represents himself and Ms. York in this action, may benefit from the association of counsel more familiar with litigation in federal court.