UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHYLLIS L. YORK, and JAMES B. CARR,<br><br>Plaintiffs,<br><br>v.<br><br>AMERICAN SAVINGS NETWORK, INC., also known as AMERICAN SAVINGS NETWORK, LLC; ANTHONY DIEHL; and ROGER S. MORAN,<br><br>Defendants. | No. 2:15-cv-0563 KJM KJN (TEMP)<br><br><br><br>ORDER |

Plaintiffs have twice previously moved for default judgement and each motion has been denied. (Dkt. Nos. 12, 25, 30, 35.) Both at the hearings and in the orders denying the motions, plaintiffs have been repeatedly advised of the "impediments to the granting of plaintiffs' motion[s]." (Dkt. No. 25 at 1.) In this regard, one of these impediments has been plaintiffs' failure to serve their motions for default judgment on the defendants. On April 6, 2016, plaintiffs filed a third motion for default judgment, setting the matter for hearing before the undersigned on May 5, 2016. Plaintiffs, however, have yet again failed to file proof of service of notice of the motion for default judgment on the defendants.

/////

Moreover, plaintiffs' original complaint lacked any factual allegations concerning defendant Anthony Diehl and defendant Roger S. Moran.  Plaintiffs are now proceeding on an amended complaint, which plaintiffs assert contains factual allegations against defendant Diehl and defendant Moran.  (Dkt. No. 40 at 2-3.)  Plaintiffs, however, have not provided proof of service of the amended complaint on either defendant Diehl or defendant Moran.  See, e.g., FED. R. CIV. PRO. 5(a)(2) ("No service is required on a party who is in default for failing to appear.  But a pleading that asserts a new claim for relief against such a party must be served on that party under Rule 4."); Varnes v. Local 91, Glass Bottle Blowers Ass'n of U.S. and Canada, 674 F.2d 1365, 1368 (11th Cir. 1982) ("Rule 4, and Rule 5(a) as it applies to parties in default for failure to appear, reflect a policy that a defendant should receive notice of all claims for relief upon which a court may enter judgment against him."); Montgomery Bank, N.A. v. Alico Road Business Park, LP, No. 2:13-cv-802-FtM-29CM, 2014 WL 757994, at *2 (M.D. Fla. Feb. 26, 2014) ("The filing of an amended complaint similarly cures a party's default as to the superseded original complaint."); Best Western Intern., Inc. v. Melbourne Hotel Investors, LLC, No. CV 06-2276-PHX-MHM, 2007 WL 2990132, at *1 (D. Ariz. Oct. 11, 2007) ("Plaintiff has not demonstrated service of the Amended Complaint upon Defendant Melbourne, which is required for an entry of default pursuant to Rule 55(a) entered by the Clerk"); In re Crazy Eddie Securities Litigation, 948 F. Supp. 1154, 1164 (E.D. N.Y. 1996) ("Courts have refused to give effect to amended complaints not properly served in accordance with Rule 5(a)."); Vanguard Fin. Serv. Corp. v. Johnson, 736 F. Supp. 832, 835 (N.D. Ill. 1990) (striking motion for default judgment as moot upon filing of amended complaint).[1]

Accordingly, IT IS HEREBY ORDERED that:

1. The May 5, 2016 hearing of plaintiffs' motion for default judgment is continued to **June 16, 2016,** at **10:00 a.m.,** in Courtroom No. 25;

/////

---

[1] Plaintiffs' amended complaint alleges that defendant Diehl and defendant Moran are citizens of Nevada.  Plaintiffs are advised that, under California law, when serving a nonresident, "proof of service shall include evidence satisfactory to the court establishing actual delivery to the person to be served, by a signed return receipt or other evidence."  CAL. CODE CIV. PRO. 417.20(a).

    2. Within twenty-one days of the date of this order plaintiffs shall properly serve each defendant with plaintiffs' amended complaint, notice of plaintiffs' motion for default judgment and a copy of this order; and

    3. Within seven days of completing service on the defendants, plaintiffs shall file proof of such service with the court.

Dated:  April 21, 2016

*/s/ Kendall J. Newman*
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

\york0563.cont.mdj3.ord.docx