UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHYLLIS L. YORK, and JAMES B. CARR,<br><br>Plaintiffs,<br><br>v.<br><br>AMERICAN SAVINGS NETWORK, INC., also known as AMERICAN SAVINGS NETWORK, LLC; ANTHONY DIEHL; and ROGER S. MORAN,<br><br>Defendants. | No. 2:15-cv-0563 KJM KJN (TEMP)<br><br><br><br>ORDER |

    On April 6, 2016, plaintiffs filed a motion for default judgment and set the motion for hearing before the undersigned. (Dkt. No. 44.) On April 21, 2016, the undersigned issued an order continuing the hearing of plaintiffs' motion to June 16, 2016, and ordering plaintiffs to properly serve each defendant with plaintiffs' amended complaint within twenty-one days. (Dkt. No. 45.)

    On May 3, 2016 (Dkt. No. 50), and June 9, 2016 (Dkt. No. 52), plaintiffs filed proof of service of the amended complaint on defendant American Savings Network, Inc. On June 10, 2016, plaintiffs filed a status report in which they represented that service of the amended complaint on defendant Anthony Diehl, "was unsuccessful," and that service on defendant Roger

1

Moran was "pending."  (Dkt. No. 55 at 2.)

Rule 54(b) of the Federal Rules of Civil Procedure provides, in relevant part:

> When an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.  Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

The court's "power" to enter partial final judgment "is largely discretionary, to be exercised in light of judicial administrative interests as well as the equities involved, and giving due weight to the historic federal policy against piecemeal appeals." Reiter v. Cooper, 507 U.S. 258, 265 (1993) (citations and quotation marks omitted); see also Curtiss-Wright Corp. v. General Elec. Co., 446 U.S. 1, 8 (1980) (noting court has discretion to enter default judgment as to less than all defendants).  However, there exists "a long-settled and prudential policy against the scattershot disposition of litigation," and "entry of judgment under [Rule 54(b)] should not be indulged as a matter of routine or as a magnanimous accommodation to lawyers or litigants." Spiegel v. Trustees of Tufts College, 843 F.2d 38, 42 (9th Cir. 1988) (citations omitted).

Instead, "[j]udgments under Rule 54(b) must be reserved for the unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by the pressing needs of the litigants for an early and separate judgment as to some claims or parties." Morrison-Knudsen Co., Inc. v. Archer, 655 F.2d 962, 965 (9th Cir. 1981).  See generally In re First T.D. & Inv., Inc., 253 F.3d 520, 532 (9th Cir. 2001) ("where a complaint alleges that defendants are jointly liable and one of them defaults, judgment should not be entered against the defaulting defendant until the matter has been adjudicated with regard to all defendants").

Plaintiffs' briefing, however, fails to address how plaintiffs wish to proceed with respect to the individual defendants in light of Rule 54(b).

/////

Accordingly, IT IS HEREBY ORDERED that:

1. The June 16, 2016 hearing of plaintiffs' motion for default judgment is continued to **July 21, 2016,** at **10:00 a.m.,** in Courtroom No. 25; and

2. On or before **July 14, 2016**, plaintiffs shall file a supplemental brief addressing: (1) the status of service of process on the individual defendants; (2) whether plaintiffs wish to dismiss any of the defendants from this action; and (3) if plaintiffs wish to seek judgment under Rule 54(b), why the court should enter such a judgment.

Dated:  June 14, 2016

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

york0563.cont.mdj4.ord.docx

3