1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   PHYLLIS L. YORK, and JAMES B.              No.  2:15-cv-0563 KJM DB
     CARR,
12
                    Plaintiffs,
13
            v.                                  ORDER
14

15   AMERICAN SAVINGS NETWORK,
16   INC., also known as AMERICAN
     SAVINGS NETWORK, LLC; ANTHONY
17   DIEHL; and ROGER S. MORAN,

18

19                  Defendants.

20

21          Plaintiffs' motion for default judgment is set for hearing before the undersigned on March

22   3, 2017.  (ECF No. 68.)  Examination of plaintiffs' motion, however, reveals that resolution of the

23   motion requires further briefing.  In this regard, at issue in this action is a contract.  Plaintiffs have

24   attached a copy of that contract to their motion for default judgment.  Pursuant to that contract

25   plaintiffs consented to having "the laws of the State of Florida, County of Orange," apply and

26   "deemed the proper venue and exclusive jurisdiction for all purposes . . . ."  (ECF No. 68-1 at 5.)

27          Forum selection clauses are presumptively valid, and should be honored "absent some

28   compelling and countervailing reason."  M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 12

1

1   (1972).  Bremen recognized three exceptions that would make enforcement of a forum selection

2   clause unreasonable: (1) "if the inclusion of the clause in the agreement was the product of fraud

3   or overreaching"; (2) "if the party wishing to repudiate the clause would effectively be deprived

4   of his day in court were the clause enforced"; or (3) "if enforcement would contravene a strong

5   public policy of the forum in which suit is brought."  Richards v. Lloyd's of London, 135 F.3d

6   1289, 1294 (9th Cir. 1998) (citing and quoting Bremen, 407 U.S. at 12-13, 15, 18) (internal

7   quotation marks omitted); see also Nedlloyd Lines B.V. v. Superior Court, 3 Cal.4th 459, 464-65

8   (Cal. 1992) ("In determining the enforceability of arm's-length contractual choice-of-law

9   provisions, California courts shall apply the principles set forth in Restatement section 187, which

10  reflect a strong policy favoring enforcement of such provisions.").

11       Moreover, plaintiffs' motion asserts that they were damaged "in the amount [of] $70,000

12  by Defendants' fraud and misrepresentation," and "incurred approximately $10,000 in additional

13  costs."  (ECF No. 68 at 5.)  Where damages are liquidated, i.e., capable of ascertainment from

14  definite figures contained in documentary evidence or in detailed affidavits, judgment by default

15  may be entered without a damages hearing.  Dundee Cement Co. v. Howard Pipe & Concrete

16  Prods., 722 F.2d 1319, 1323 (7th Cir. 1983).  Here, it is unclear from plaintiffs' filings how

17  plaintiffs arrived at these amounts.

18       Accordingly, IT IS HEREBY ORDERED that:

19       1.  The March 3, 2017 hearing of plaintiffs' motion for default judgment (ECF No. 68) is

20  continued to **Tuesday**, **April 11, 2017** at **10:00 a.m.** in Courtroom No. 27;

21       2.  On or before April 4, 2017, plaintiffs shall file a supplemental memorandum

22  addressing: (1) whether the contract's forum selection clause governs this action; (2) should this

23  action be transferred to venue designated in the parties' contract; and (3) how plaintiffs arrived at

24  the damages calculations addressed above, including any supporting evidence; and

25  ////

26  ////

27  ////

28  ////

2

3.  On or before April 4, 2017, plaintiffs shall file proof of service on the defendants of a copy of this order and a copy of plaintiffs' supplemental memorandum.

Dated:  February 27, 2017

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.civil\york0563.cont.mdj6.ord

3