UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHYLLIS L. YORK, and JAMES B. CARR,<br><br>Plaintiffs,<br><br>v.<br><br>AMERICAN SAVINGS NETWORK, INC., also known as AMERICAN SAVINGS NETWORK, LLC; ANTHONY DIEHL; and ROGER S. MORAN,<br><br>Defendants. | No. 2:15-cv-0563 KJM DB<br><br><br><br>FINDINGS AND RECOMMENDATIONS |

This matter came before the undersigned on April 11, 2017, pursuant to Local Rule 302(c)(19), for hearing of plaintiffs' motion for default judgment. (ECF No. 76.) Plaintiff James Carr, an attorney, appeared on behalf of the plaintiffs. No appearance was made by, or on behalf of, defendant American Savings Network, Inc. At that time oral argument was heard and the motion was taken under submission.

Having considered all written materials submitted with respect to the motion, and after hearing oral argument, the undersigned recommends that the motion for default judgment be granted in part as explained below.

////

1

BACKGROUND

Plaintiffs commenced this action on March 12, 2015, by filing a complaint and paying the required filing fee. (ECF No. 1.) Plaintiffs filed an amended complaint on April 4, 2016. (ECF No. 43.) Therein, plaintiffs allege that defendant American Savings Network, Inc., ("ASN"), solicited plaintiffs to attend a sales presentation for a time-share and travel service, in Vacaville, CA. (Am. Compl. (ECF No. 43) at 2.[1]) Plaintiffs attended the sales presentation on March 25, 2012, at which defendant's agents made false, misleading, and untrue representations to "deceive Plaintiffs into joining ASN." (Id. at 3.) Plaintiffs' amended complaint alleges state law causes of action for breach of contract, recession and restitution, false advertising, fraud and misrepresentation, and unfair business practices.[2]

On May 3, 2016, plaintiffs filed proof of service of the summons and amended complaint on defendant ASN.[3] (ECF No. 50.) Despite being served with process, defendant ASN failed to appear in this action and, pursuant to plaintiffs' request (ECF No. 57), the Clerk of the Court entered defendant ASN's default on June 16, 2016. (ECF No. 59.)

On December 14, 2016, plaintiffs filed the motion for default judgment now pending before the court. (ECF No. 68.) The hearing of that motion was continued after plaintiffs failed to file proof of service of notice of the motion on the defendant. (ECF No. 69.) On February 1, 2017, plaintiffs filed proof of service of notice of the motion on defendant ASN. (ECF No. 70.) The hearing of plaintiffs' motion was again continued on February 28, 2017, to allow for additional briefing. (ECF No. 73.)

On April 11, 2017, plaintiffs' motion for default judgment came before the undersigned for hearing. Despite being served with all papers filed in connection with the requests for entry of default and motion for default judgment, there was neither opposition filed by defendant ASN nor

---

[1] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.
[2] The amended complaint also alleges that plaintiffs are citizens of California, defendants' are citizens of Nevada, and that the amount in controversy exceeds $75,000. (Am. Compl. (ECF No. 43) at 1, 6.) In this regard, the amended complaint invokes the court's diversity jurisdiction pursuant to 28 U.S.C. § 1332.
[3] Although the amended complaint also named as defendants Anthony Diehl and Roger Moran, plaintiffs voluntarily dismissed those defendants from this action. (ECF No. 71.)

2

any appearance by, or on behalf of defendant, ASN at the April 11, 2017 hearing. (ECF Nos. 57, 70, 76.)

## LEGAL STANDARDS

Federal Rule of Civil Procedure 55(b)(2) governs applications to the court for default judgment. Upon entry of default, the complaint's factual allegations regarding liability are taken as true, while allegations regarding the amount of damages must be proven. Dundee Cement Co. v. Howard Pipe & Concrete Prods., 722 F.2d 1319, 1323 (7th Cir. 1983) (citing Pope v. United States, 323 U.S. 1 (1944); Geddes v. United Fin. Group, 559 F.2d 557 (9th Cir. 1977)); see also DirectTV v. Huynh, 503 F.3d 847, 851 (9th Cir. 2007); TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987).

Where damages are liquidated, i.e., capable of ascertainment from definite figures contained in documentary evidence or in detailed affidavits, judgment by default may be entered without a damages hearing. Dundee, 722 F.2d at 1323. Unliquidated and punitive damages, however, require "proving up" at an evidentiary hearing or through other means. Dundee, 722 F.2d at 1323-24; see also James v. Frame, 6 F.3d 307, 310-11 (5th Cir. 1993).

Granting or denying default judgment is within the court's sound discretion. Draper v. Coombs, 792 F.2d 915, 924-25 (9th Cir. 1986); Aldabe v. Aldabe, 616 F.2d. 1089, 1092 (9th Cir. 1980). The court is free to consider a variety of factors in exercising its discretion. Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986). Among the factors that may be considered by the court are

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Eitel, 782 F.2d at 1471-72 (citing 6 Moore's Federal Practice ¶ 55-05[2], at 55-24 to 55-26).

////

////

////

3

ANALYSIS

I.  Whether Default Judgment Should Be Entered

   A.  Sufficiency of the Complaint

As noted above, plaintiffs' amended complaint alleges state law causes of action for breach of contract, recession and restitution, false advertising, fraud and misrepresentation, and unfair business practices.

   i)  Breach of Contract

The elements of a cause of action for breach of contract are: (i) existence of the contract, (ii) plaintiff's performance or excuse for nonperformance, (iii) defendant's breach, and (iv) resulting damages to the plaintiff. Oasis West Realty, LLC v. Goldman, 51 Cal. App. 4th 811, 821 (2011) (citing Reichert v. General Ins. Co., 68 Cal. 2d 822, 830 (1968)). Here, plaintiffs' amended complaint alleges that on March 6, 2012, plaintiffs and the defendant entered into a contract.[4] (Am. Compl. (ECF No. 43) at 3.) Plaintiffs "performed all the terms and conditions of said contract." (Id.) Defendant "failed to perform the terms of said contract to provide said travel services," and plaintiffs "suffered damages" as a result of defendant's breach of contract. (Id. at 3-4.)

In this regard, the undersigned finds that the factual allegations of plaintiffs' amended complaint, taken as true pursuant to the entry of defendant's default, are sufficient and establish the merits of the amended complaint's breach of contract claim.

////

---

[4] Plaintiffs have provided a copy of the contract in support of the motion for default judgment. (Pls.' Ex. A (ECF No. 68-1) at 2-7.) Although the contract contains a forum selection clause, the defendant has failed to appear in this action and, therefore, waived its enforcement. See Mechanics Local v. Vanguard Car Rental, 502 F.3d 740, 743 (7th Cir. 2007) ("a forum selection clause . . . is not jurisdictional; it is a waivable defense"); Snapper, Inc. v. Redan, 171 F.3d 1249, 1253 n3. (11th Cir. 1999) ("The Supreme Court has expressly declared that interpretation of a forum selection clause is not a jurisdictional determination, and thus cannot affect a court's subject matter jurisdiction."); Albany Ins. Co. v. Almacenadora Somex, 5 F.3d 907, 909-10 (5th Cir. 1993) (failure to raise objection to venue based on forum selection clause waived the issue); Abrams Shell v. Shell Oil Co., 165 F.Supp.2d 1096, 1106 (C.D. Cal. 2001) ("Because . . . the requirement of proper venue is designed primarily for the convenience of a defendant, it is not a jurisdictional requirement to suit and may be either impliedly or expressly waived.").

|   |   |
|---|---|
| 1 | ii) <u>Recession and Restitution</u> |

"There is no freestanding cause of action for 'restitution' in California." <u>Munoz v. MacMillan</u>, 195 Cal.App.4th 648, 661 (2011); <u>see</u> also <u>Durell v. Sharp Healthcare</u>, 183 Cal.App.4th 1350, 1370 (2010) ("There is no cause of action in California for unjust enrichment. Unjust enrichment is synonymous with restitution."). Likewise, "[r]escission is not a cause of action; it is a remedy." <u>Nakash v. Superior Court</u>, 196 Cal.App.3d 59, 70 (1987). Moreover, under California law, an action for restitution "does not lie when an enforceable, binding agreement exists defining the rights of the parties." <u>Paracor Finance, Inc. v. General Elec. Capital Corp.</u>, 96 F.3d 1151, 1167 (9th Cir. 1996).

Nonetheless, "restitution may be awarded in lieu of breach of contract damages when the parties had an express contract, but it was procured by fraud or is unenforceable or ineffective for some reason." <u>McBride v. Boughton</u>, 123 Cal.App.4th 379, 388 (2004). "To show that she is entitled to restitution, a plaintiff must demonstrate that the defendant is in possession of money or property taken from her." <u>Asghari v. Volkswagen Group of America, Inc.</u>, 42 F.Supp.3d 1306, 1324 (C.D. Cal. 2013).

Because the amended complaint's request for restitution and recession lies in the calculation of damages, the undersigned will address that request below in analyzing plaintiffs' damages.

iii) <u>False Advertising</u>

California's False Advertising Law, ("FAL"), Cal. Bus. & Prof. Code §§ 17200, 1750, "makes it unlawful to induce the public to enter into any obligation through the dissemination of 'untrue or misleading' statements." <u>In re Clorox Consumer Litigation</u>, 894 F.Supp.2d 1224, 1231 (N.D. Cal. 2012) (quoting Cal. Bus. & Prof. Code § 17500). Under the "reasonable consumer" standard, a plaintiff must "show that members of the public are likely to be deceived." <u>Williams v. Gerber Prods. Co.</u>, 552 F.3d 934, 938 (9th Cir. 2008) (internal quotation marks omitted).

A claim for false advertising under California law is subject to Federal Rule of Civil Procedure 9(b)'s particularity requirement. <u>Kearns v. Ford Motor Co.</u>, 567 F.3d 1120, 1125 (9th Cir. 2009); <u>see</u> also <u>Vess v. Ciba-Geigy Corp. USA</u>, 317 F.3d 1097, 1103 (9th Cir. 2003) ("It is

established law, in this circuit and elsewhere, that Rule 9(b)'s particularity requirement applies to state-law causes of action."). Circumstances that must be stated with particularity pursuant to Rule 9(b) include the "time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." Sanford v. Memberworks, Inc., 625 F.3d 550, 558 (9th Cir. 2010) (quoting Edwards v. Marin Park, Inc., 356 F.3d 1058, 1066 (9th Cir. 2004)). In this regard, Rule 9(b) requires a plaintiff to "identify the 'who, what, when, where and how of the misconduct charged,' as well as 'what is false or misleading about [the purportedly fraudulent conduct], and why it is false.'" Cafasso, ex rel. United States v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1055 (9th Cir. 2011) (quoting Ebeid ex rel. United States v. Lungwitz, 616 F.3d 993, 998 (9th Cir. 2010)).

Here, plaintiffs' amended complaint fails to satisfy the requirements of Rule 9(b). In this regard, the amended complaint alleges, in a vague and conclusory manner, that at a March 26, 2012 sales presentation, defendant, "its agents, personnel, including James White," made false statements concerning "its ability to obtain discounted prices" on travel related services and "its reimbursement policies for client out-of-pocket expenses . . . ." (Am. Compl. (ECF No. 43) at 2.) The amended complaint fails to articulate the specific content of the false representations as well as the identities of the parties to the misrepresentations.

The amended complaint also alleges that "false and misleading representations were made" by Roger Moran and Anthony Diehl concerning the reimbursement of out-of-pocket expenses. (Id.) With respect to when these false and misleading representations were made, however, the amended complaint alleges only that they were made "[a]t later times." (Id.)

The amended complaint also refers to a March 25, 2015 sales presentation. (Id. at 3.) At this presentation, defendant's "personnel and agents" allegedly made false statements asserting that defendant "would get the lowest prices for travel services and would beat the costs of all other companies offering travel services . . . ." (Id.) The amended complaint, however, does not identify who made what specific representations or why the representations were false.

The amended complaint also alleges that the defendant "represented their ability to obtain accommodations for Plaintiffs' son's upcoming wedding in Hawaii, plus lowest airfares, on

6

cruises for Plaintiffs and theater tickets in London." (Id. at 4.) According to the amended complaint, defendant "could not obtain many of these services for the Plaintiffs" and falsely informed plaintiffs that they would be reimbursed for any out-of-pocket expenses. (Id.) (emphasis added). It is not clear, however, from the allegations found in the amended complaint when these representations were made, who made them, and what services plaintiffs did not receive.[5]

Accordingly, the undersigned finds that factual allegations of plaintiffs' amended complaint, taken as true pursuant to the entry of defendant's default, fail to state a claim for false advertising upon which relief can be granted.

### iv) Fraud and Misrepresentation

"'A cause of action for fraud requires the plaintiff to prove (a) a knowingly false misrepresentation by the defendant, (b) made with the intent to deceive or to induce reliance by the plaintiff, (c) justifiable reliance by the plaintiff, and (d) resulting damages.'" Glenn K. Jackson Inc. v. Roe, 273 F.3d 1192, 1201 (9th Cir. 2001) (quoting Wilkins v. Nat'l Broadcasting Co., Inc., 71 Cal.App.4th 1066 (1999)). Claims of fraud must comply with Rule 9(b). See Vess, 317 F.3d at 1106.

The amended complaint's fraud claims rests on the same allegations offered in support of the amended complaint's false advertising claim, addressed above. (Am. Compl. (ECF No. 43) at 5.) As noted above, those allegations fail to satisfy Rule 9(b). Accordingly, the undersigned finds that factual allegations of plaintiffs' amended complaint, taken as true pursuant to the entry of defendant's default, fail to state a claim for fraud upon which relief can be granted.

////

////

---

[5] Moreover, "[g]eneralized, vague and unspecified assertions constitute 'mere puffery' upon which a reasonable consumer could not rely, and hence are not actionable." Oestreicher v. Alienware Corp., 544 F. Supp. 2d 964, 973 (N.D. Cal. 2008), aff'd, 322 Fed. Appx. 489 (9th Cir. 2009) (quoting Anunziato v. EMachines, Inc., 402 F. Supp. 2d 1133, 1139 (C.D. Cal. 2005)); see also Cook, Perkiss and Liehe, Inc. v. Northern California Collection Service Inc., 911 F.2d 242, 246 (9th Cir. 1990) ("The statement that 'we're the low cost commercial collection experts' and any implication that NCC has comparable services to attorneys at lower rates are general assertions of superiority rather than factual misrepresentations.").

1                 v)       Unfair Business Practices

California Business and Professions Code § 17200, *et seq.*, prohibits "any unlawful, unfair or fraudulent business act or practice." "A breach of contract may form the predicate for Section 17200 claims, *provided it also constitutes conduct that is 'unlawful, or unfair, or fraudulent.'*" Puentes v. Wells Fargo Home Mortg., Inc., 160 Cal.App.4th 638, 645 (2008) (emphasis in original). "'California courts have consistently interpreted the language of section 17200 broadly.'" Cansino v. Bank of America, 224 Cal.App.4th 1462, 1474 (2014) (quoting South Bay Chevrolet v. General Motors Acceptance Corp., 72 Cal.App.4th 861, 877 (1999)).

However, while California courts have interpreted the language of § 17200 broadly, "'prevailing plaintiffs are generally limited to injunctive relief and restitution.'" Korea Supply Co. v. Lockheed Martin Corp., 29 Cal.4th 1134, 1144 (Cal. 2003) (quoting Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co., 83 Cal.Rptr.2d 548, 560 (Cal. 1999)). Here, the amended complaint's § 17200 claim seeks only restitution. (Am. Compl. (ECF No. 43) at 6.) As explained below, the undersigned finds that plaintiffs are not entitled to restitution or injunctive relief. Accordingly, the undersigned finds that the amended complaint's § 17200 claim fails to state a claim upon which relief can be granted.

      B.       Remaining Eitel Factors

A summons and a copy of plaintiffs' amended complaint were served upon the defendant. (ECF No. 50.) In this regard, the undersigned finds that the defendant was properly served and that the Clerk properly entered the defendant's default. (ECF No. 59.) Defendant was also served with plaintiffs' application for default judgment. (ECF No. 70.) Despite being served with process and all papers filed in connection with plaintiffs' motion for default judgment, defendant failed to respond to plaintiffs' amended complaint and to plaintiffs' motion for default judgment.

After weighing the Eitel factors, the undersigned finds that the material allegations of the amended complaint are sufficient and establish the merits of plaintiffs' substantive claim with respect to the amended complaint's claim for breach of contract. Moreover, plaintiffs will be prejudiced if default judgment is denied because plaintiffs have no other means for recourse. See

PepsiCo, Inc. v. California Security Cans, 238 F.Supp.2d 1172, 1177 (C.D. Cal. 2002).

Although plaintiffs' motion for default judgment seeks an award of $92,030, the undersigned will recommend a significantly lesser award of damages, one which is proportionate to the harm caused by defendant's conduct. Therefore, this factor weighs in favor of default judgment. See Warner Bros. Home Entertainment Inc. v. O'Neill, EDCV 13-1014 VAP (OPx), 2013 WL 12136521, at *3 (C.D. Cal. Dec. 23, 2013) ("In light of the Court's reduction of statutory damages . . . the amount of money at stake is proportionate to the harm caused by Defendant's conduct and weighs in favor of default judgment.").

Moreover, in light of the entry of default against the defendant, there is no apparent possibility of a dispute concerning the material facts underlying the action. Nor is there any indication that defendant's default resulted from excusable neglect, since defendant was properly served with plaintiff's pleading as well as with plaintiff's request for entry of default and motion for default judgment. Thus, defendant had ample notice of plaintiffs' intent to pursue a default judgment.

Although public policy generally favors the resolution of a case on its merits, defendant's failure to appear and defend against plaintiffs' claims has made a decision on the merits impossible in this case. Because most of the Eitel factors weigh in plaintiffs' favor, the undersigned, while recognizing the public policy favoring decisions on the merits, will recommend that default judgment be entered against the defaulted defendant.

II. Terms Of Judgment To Be Entered

After determining that entry of default judgment is warranted, the court must next determine the terms of the judgment. See Landstar Ranger, Inc. v. Parth Enterprises, Inc., 725 F.Supp.2d 916, 920 (C.D. Cal. 2010) ("If the court determines that the allegations in the complaint are sufficient to establish liability, it must then determine the 'amount and character' of the relief that should be awarded.").

    A. Restitution

Plaintiffs' motion for default judgment seeks $6,995 "paid for membership fee," and "[r]estitution of $6,995.00 paid under said contract." (Pls.' MDJ (ECF No. 68) at 3-4.) Plaintiffs'

9

exhibit D, however, establishes that defendant reimbursed plaintiff $6,995 on April 17, 2012.[6] (Pls.' Ex. D (ECF No. 68-2) at 8.) Moreover, at the April 11, 2017 hearing of plaintiffs' motion, plaintiff James Carr, appearing as plaintiffs' counsel, confirmed that plaintiffs have been fully reimbursed by defendant for money plaintiffs paid to defendant.

The general understanding of "restitution" is to restore the party to the position they occupied before a particular event. Hughey v. United States, 495 U.S. 411, 416 (1990). Here, plaintiffs have already been restored to the position they occupied prior to the parties' contract with respect to the $6,995 paid by plaintiffs to defendant. Accordingly, the undersigned declines to recommend an award of restitution.

### B. Fraud

Plaintiffs' motion for default judgment also seeks "$75,000.00 for fraud and misrepresentation." (Pls.' MDJ (ECF No. 68) at 3.) The undersigned, however, has found that plaintiffs' amended complaint fails to state a claim for fraud upon which relief could be granted. Moreover, plaintiffs' motion for default judgment provides no support for the assertion that plaintiffs' damages remotely approximate $75,000. Accordingly, the undersigned declines to recommend an award of damages based on allegations of fraud.

### C. Breach of Contract

With respect to plaintiffs' claim for breach of contract, plaintiffs' motion for default judgment seeks $10,000 for discounts on cruises not provided, and $35 for credit card charges that were unreimbursed. (Pls.' MDJ (ECF No. 68) at 3.) Plaintiffs, however, have provided no evidence to support this award of damages. Nor is it clear from the parties' contract that defendant breached the contract with respect to these travel services. In this regard, plaintiffs have failed to explain how the defendant failed to provide "discounts" or why plaintiffs are entitled to reimbursement for credit card charges. Moreover, the parties' contract explicitly stated that plaintiffs' benefits "may be changed from time to time" and that the defendant did not

---

[6] Plaintiffs' exhibit D also makes reference to a "Bank America Check in the amount of $6,295.00" plaintiffs paid to defendant. (Pls.' Ex. D (ECF No. 68-2) at 8.) At the April 11, 2017 hearing, plaintiffs' counsel stated that defendant never cashed that check.

10

"provide any guaranty or assurance that any specific" benefit would "continue to be available." (Pls.' Ex. A (ECF No. 68-1) at 4.)

However, plaintiffs' motion for default judgment also seeks damages for the "reasonable value of two round trip tickets to Hawaii," and for a "7 nights 8 days" stay at a "5 star resort in Hawaii or anywhere in the USA." (Id. at 4.) In addition to the parties' typed contract, plaintiffs have provided a handwritten statement that appears to reflect plaintiffs' entitlement to these specific travel services. (Pls.' Ex. A. (ECF No. 68-1) at 7.) The document appears to be signed by James White, defendant's agent or employee. (Am. Compl. (ECF No. 43) at 2; Pls.' Ex. A. (ECF No. 68-1) at 7, 9.) Plaintiffs assert that the defendant never provided these travel services. (Carr Decl. (ECF No. 68) at 5.) The undersigned finds that $7,000 is a reasonable amount to compensate plaintiffs' for defendant's breach of contract with respect to these travel services.

D. <u>Injunctive Relief</u>

Plaintiffs' motion for default judgment seeks a "cease and desist order" and "order prohibiting" defendant from sending solicitations to plaintiffs. (Pls. MDJ (ECF No. 68) at 4.)

> To obtain a permanent injunction, a plaintiff must demonstrate:(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.

eBay Inc. v. MercExchange, L.L.C., 547 U.S. 388, 391 (2006). The Court's "decision to grant or deny permanent injunctive relief is an act of equitable discretion by the district court." Id.

Here, plaintiffs have not suffered an irreparable injury. And there are remedies available at law, such are monetary damages that are adequate to compensate plaintiffs for their injury, as well as any future injury caused by defendant's solicitations. Moreover, plaintiffs have not explained why they cannot simply ignore defendant's solicitations. Accordingly, the undersigned declines to recommend the award of injunctive relief.

////

////

////

11

CONCLUSION

For the reasons set forth above, IT IS HEREBY RECOMMENDED that:

1. Plaintiffs' December 14, 2017 motion for default judgment (ECF No. 68) be granted with respect to the amended complaint's claim for breach of contract;

2. Judgment be entered against the defendant;

3. Defendant be ordered to pay plaintiffs $7,000 in damages; and

4. This case be closed.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen (14) days after these findings and recommendations are filed, any party may file written objections with the court. A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 11, 2017

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.civil\york0563.mdj.f&rs